IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLAYTON L. HOWARD,

        Petitioner,

v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 04-1319-BR

OPINION AND ORDER

    **CLAYTON L. HOWARD**
    SID #5838277
    Snake River Correctional Institution
    777 Stanton Blvd
    Ontario, OR  97914

        Petitioner *Pro Se*

    **HARDY MYERS**
    Attorney General
    **LYNN DAVID LARSEN**
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus is DISMISSED as untimely.

## BACKGROUND

In 1981, a Multnomah County grand jury charged Petitioner with nine Class A felonies in three separate cases (three in each case). In Multnomah County Circuit Court Case No. C81-90-34472, a jury convicted Petitioner on charges of Burglary in the First Degree, Rape in the First Degree, and Robbery in the First Degree. The following charges remained pending against Petitioner in the other two cases: (1) Case No. C81-12-36566 - Rape in the First Degree, Robbery in the First Degree, and Kidnaping in the First Degree; and (2) Case No. C81-10-35212 - Rape in the First Degree and two counts of Kidnaping in the First Degree.

After the conviction in the first case, Petitioner and the state reached an agreement under which Petitioner pleaded guilty to one count of Rape in the First Degree in Case No. 81-12-36566 and one count of Rape in the First Degree in Case No. 81-09-35212. In return, the prosecutor agreed to recommend a total sentence on all three cases of 40 years, with a 20-year minimum. The plea

2 - OPINION AND ORDER -

petitions signed by Petitioner did not mention any possibility of early parole.

The trial judge followed the prosecutor's recommendation and, on March 8, 1982, sentenced Petitioner in all three cases as follows: (1) in Case No. 81-12-36566, 20 years with a 10-year minimum, to be served concurrently to the sentence in Case No. 81-09-34472, but consecutively to the sentence in Case No. 81-10-35212; (2) in Case No. 81-10-35212, 20 years with a 10-year minimum, to be served concurrently with the sentence in Case No. 81-09-34472; and (3) in Case No. 81-09-34472, 20 years with a 10-year minimum on the Rape in the First Degree count and 20 years with a 10-year minimum on the Robbery in the First Degree count[1], with the sentences to be served consecutively to each other, but concurrently with the sentence in Case No. 81-12-36566.

At the time of sentencing, Oregon law required the sentencing judge to impose an indeterminate sentence, of any duration up to the maximum for the class of felony involved. For the Class A felonies of which Petitioner was convicted, the maximum was 20 years. The Oregon Board of Parole and Post-Prison Supervision (the "Board") was required, within a certain period of time after sentencing, to set an "initial parole release date." The Board had the authority to override a judicially imposed minimum

---

[1] The trial judge merged Kidnaping in the First Degree with the Robbery in the First Degree conviction.

3 - OPINION AND ORDER -

sentence. In Petitioner's case, the Board upheld the 20-year minimum term, and set a tentative parole release date in September 2001.

In October 1997, Petitioner was convicted of Inmate in Possession of a Weapon and sentenced to an additional, determinate 72 months in prison. In July 2003, Petitioner was convicted of Supplying Contraband, and sentenced to 15 more months.

In April 2001, a Board-appointed psychologist evaluated Petitioner and concluded Petitioner had a present severe emotional disturbance such as to constitute a danger to the health and safety of the community. Following a May 23, 2001, hearing, the Board relied upon this finding to defer Petitioner's parole release date under Or. Rev. Stat. § 144.125(3) for 24 months. The Board set a new parole release date of September 14, 2003.

On May 13, 2002, Petitioner filed a petition for state post-conviction relief ("PCR"). Petitioner challenged the lawfulness of the two convictions stemming from his guilty pleas in Case Nos. 81-10-35212 and 81-12-36566. Petitioner alleged the guilty pleas were invalid because, at the time, he understood he would serve a maximum of 20 years in prison, the total minimum term of the 40-year sentence. Petitioner argued the plea agreement was breached when the Board deferred his parole release two years past the 20-year minimum.

4 - OPINION AND ORDER -

The state moved to dismiss the PCR petition as untimely. The trial judge granted the motion and entered a judgment of dismissal. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Howard v. Czerniak*, 191 Or. App. 306, 82 P.3d 653 (2003), *rev. denied*, 336 Or. 422, 86 P.3d 1138 (2004).

On July 23, 2003, Petitioner filed a petition for writ of habeas corpus in Marion County Circuit Court, alleging the same grounds as his state PCR petition. The trial judge dismissed the state habeas petition on the basis that a state PCR proceeding was the exclusive means by which a criminal defendant could challenge the lawfulness of his conviction and sentence. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Howard v. Belleque*, 193 Or. App. 822, 94 P.3d 913, *rev. denied*, 337 Or. 247, 95 P.3d 728 (2004).

On September 16, 2004, Petitioner filed his habeas corpus petition in this Court. Petitioner contends his guilty pleas in Case Nos. 81-12-36566 and 81-10-35212 were not fully knowing and intelligent because he was not sufficiently apprised by the court or his attorney of the consequences of the pleas and of how Board decisions might affect the actual duration of his incarceration. Petitioner argues the Board breached the terms of the plea agreement by failing to honor the initial parole release date

5 - OPINION AND ORDER -

after Petitioner served his 20-year minimum sentence.  Respondent argues the petition is untimely.[2]

## DISCUSSION

### I.   Commencement of Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.  28 U.S.C. § 2244(d).  Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a state court, even if the petition challenges an administrative decision rather than a state court judgment.  *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004).  There are four alternative starting dates for the limitations period under § 2244(d)(1):

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

---

[2]Respondent initially argued the Petition is barred as a second or successive petition.  Records from this court indicate, however, that Petitioner's previous petition was dismissed voluntarily prior to entry of judgment.

6 - OPINION AND ORDER -

>       made retroactively applicable to cases on collateral
>       review; or
>
>       (D)  the date on which the factual predicate of the
>       claim or claims presented could have been discovered
>       through the exercise of due diligence.

28 U.S.C. § 2544(d).

Here, Petitioner argues the limitation period began running on May 23, 2001, when the Board deferred his original parole release date. Petitioner asserts the Board's May 23, 2001, decision breached the terms of the plea agreement because Petitioner understood he would be released to parole in September 2001. According to Petitioner, at the time he entered the plea agreement the prosecutor and trial counsel failed to advise Petitioner exactly how the parole system worked. He contends he was advised the he would receive a release date determined under either the Board's matrix rules, or in no case more than 20 years if the Board affirmed the 20-year minimum term. He was never, he argues, advised that the Board could repeatedly postpone the initial release date upon a finding of "severe emotional disturbance."

Respondent argues the limitation period in this case commenced running on the date the original judgments of conviction and sentence became final. Because the judgments became final before the AEDPA was enacted, Petitioner had one year from April 26, 1996, to file his petition, which he failed to do. In the

7 - OPINION AND ORDER -

alternative, Respondent argues if the limitation period commenced running on May 23, 2001, the limitation period expired because Petitioner cannot establish statutory or equitable tolling.

The applicable date on which the limitations period began to run in this case is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Shelby*, 391 F.3d at 1066 (under § 2244(d)(1)(D), the factual predicate of the petitioner's habeas claims was the Board of Parole's denial of administrative appeal). Here, that date is May 23, 2001, the date the Board first ordered Petitioner's release date postponed past the 20-year minimum term.

## II.   Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitations period which began running on May 23, 2001, is tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

As noted, Petitioner filed a state PCR proceeding on May 13, 2002. The PCR court dismissed the petition as untimely, a decision upheld on appeal by the Oregon Court of Appeals and Oregon Supreme Court.[3] A post-conviction proceeding found by a

---

[3] In his *pro se* supplemental briefing, Petitioner argues a number of claims about the state PCR court's findings on the

8 - OPINION AND ORDER -

state court to be untimely is not "properly filed" under 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414-15 (2005). As such, the one-year limitation period was not tolled during Petitioner's PCR case.

Petitioner filed his state habeas corpus petition on July 23, 2003, more than one year after the May 23, 2001, commencement of the limitation period. Because the limitation period had already expired, the pendency of Petitioner's state habeas action also did not toll the limitation period.

### III. Equitable Tolling

In addition to statutory tolling, the § 2244 limitations period may be subject to equitable tolling if the Petitioner can demonstrate that "extraordinary circumstances" beyond his control made it impossible to file the petition on time. *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). The "extraordinary circumstances must be 'the cause of [the untimeliness.'" *Roy*, 465 F.3d at 969 *(*quoting *Spitsyn v. Moore*,

---

untimeliness of his PCR petition, but those state findings are state rulings on state law issues, which are binding on federal habeas corpus review. *See Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (federal courts have long recognized that state courts are ultimate expositors of state law, and federal courts are bound by the state court's construction except when it appears interpretation is an obvious subterfuge to evade consideration of a federal issue); *see also*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions").

9 - OPINION AND ORDER -

345 F.3d 796, 799 (9th Cir. 2003)).  A person seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace*, 544 U.S. at 418.

Petitioner does not allege any facts suggesting that any extraordinary circumstance prevented him from seeking habeas corpus relief in a timely manner after the Board's May 23, 2001, decision.  Because there is nothing in the record to suggest that equitable tolling is warranted, this Court finds no basis on which to conclude that it is applicable here.

## CONCLUSION

This Court finds that the Petition for Writ of Habeas Corpus was filed after the expiration of the applicable statute of limitations.  In addition, the Court finds that neither statutory nor equitable tolling is available in this case.  Accordingly, IT IS ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED as untimely.

IT IS SO ORDERED.

DATED this 26th day of May, 2009.

        /s/ Anna J. Brown
        ANNA J. BROWN
        United States District Judge